JOHN F. RYAN COUNSELOR AT LAW
ATTORNEYS FOR PLAINTIFF
320 8TH AVENUE, SUITE 2R
BROOKLYN, NEW YORK 11215

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

Tokio Marine Insurance Company (Cargo) a/s/o Epson America Inc.

.

.

      Plaintiff,

vs.

MEDITERRANEAN SHIPPING COMPANY S.A. d/b/a MSC.

      Defendant.

_____X/

Case No.

COMPLAINT

## COMPLAINT

NOW COMES Plaintiff, , Tokio Marine Insurance Company as subrogee of Epson America Inc. hereinafter referred to as TMIC or Plaintiff by its counsel John F. Ryan Counselor At Law, and complaining of the Defendant, MEDITERRANEAN SHIPPING COMPANY S.A. d/b/a MSC.:

    1. Plaintiff, at all relevant times, was a Marine Cargo Underwriter and Insurance Company with an office and principal place of business at 590 Madison Avenue, 29th floor New York, NY 10022. Plaintiff is a fully subrogated insurer of the shipper or

consignee or persons with a propriety interest in the shipment described in this complaint and/or persons owning, holding or entitled to possession of the shipment of cargo described in the Ocean Carriage Bill of Lading identified in the complaint and/or someone acting on behalf of any of the forementioned persons (collectively referred to herein as "merchants") and brings this action on their own behalf and as trustee on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

2. Defendant, Mediterranean Shipping Company S.A.. dba MSC and hereinafter referred to as MSC is believed to be a foreign corporation or similar entity formed under the laws of a foreign country with an office c/o Mediterranean shipping Company (USA) Inc. at 420 5th Ave., 8th Floor New York, N Y 10018-2702.

3. At all times material, Defendant MSC held itself out as a carrier of goods by sea for hire and that on or about JULY 17, 2024 the defendant issued bill of lading No. MEDUXB514420 for shipment of 218 Cartons of Printers in Container No. MSDU7184553 aboard Georg Maersk for a voyage from Yantian, China to the port of discharge Los Angels, United States and the place of delivery Plainfield, Indiana, United States.

4. This action is comprised of admiralty and maritime claims within the meaning of Rule9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C.
Sect. 1331 and 1333..

5. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum selection clause contained in the operative bill of lading, sea waybill, terms and conditions of service, and/or contract of carriage

for the shipment at issue. Defendant has consented to the personal jurisdiction of this Honorable Court by virtue of the referenced forum selection clauses.

6. Plaintiff's insured was in the business of, among other things, to import Epson Printers for sale to customers. In the pursuit of their business interests they did import a shipment of 218 Cartons of Printers and they were the owner of the shipment described in this complaint.

7. That on, about or after August 28, 2024 defendant, MSC or its agent failed to deliver to plaintiff or their agents the full shipment of 218, Cartons of Printers identified in the referenced bill of lading in good order and condition, but they were delivered in a damaged condition not in accordance with the terms and conditions of the bill of lading issued by defendant MSC.

8. That on, about or after August 28, 2024 MSC was put on notice that shipment was not delivered in the same good order and condition as received by defendant but in a damaged condition and that plaintiff's damages were in the amount of $176,455.20 and that it was defendant's legal obligation to pay those damages.

9. That defendant was legally obligated to care for and protect plaintiff's shipment of 218 Cartons of Printers during the transit identified on the referenced bill of lading, and to deliver the shipment of in the same good order and condition as when the shipment was received by defendant, and that defendant failed to protect plaintiff's shipment during the referenced voyage. As a result of defendant's breach of contract and negligence plaintiff has suffered damages in the amount of $176,455.20 plus costs and interest.

10. To date, defendant has failed to make any payment to plaintiff for the damages suffered as a result of defendant's breach of maritime contract and or negligence.

11. In addition to the above amount of $176,455.20 plaintiff is entitled to interest, costs and fees in amounts which will be proved at trial.

**WHEREFORE,** Plaintiff, TOKIO MARINE AMERICA, Co. as subrogee of EPSON AMERICA, INC. prays as follows:

A. For a judgment in favor of Plaintiff and against Defendant Mediterranean Shipping Company S.A.. dba MSC **for the** amount of Plaintiff's damages; and
B. For such other and further relief as the Court deems just and proper under the circumstances, together with costs and disbursements of this action.

Date: August 28, 2025

JOHN F RYAN COUNSELOR AT LAW

John Francis Ryan
Attorney for Plaintiff
320 8th Avenue, Suite 2R
Brooklyn, NY 11215
Telephone: (718) 378-7620
Johnfryan661@gmail.com

4